IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Proper,                                                                 Case No. 3:05CV7062

          Plaintiff,

v.                                                                                           ORDER

Ispat Inland, Inc.,

          Defendants.

This action arises from David Proper's knee injury aboard the M/V Joseph L. Block. Proper injured his knee when he tripped over a mooring line on the vessel's deck. Proper alleges Central Marine Logistics, Inc. and Indiana Harbor Steamship Company, LLC are liable for his injury under the Jones Act, 46 U.S.C. § 688, and under the general maritime doctrines of unseaworthiness.[1] Jurisdiction exists under 28 U.S.C. § 1333 and 46 U.S.C. § 688.

Pending is defendants' motion for summary judgment. For the reasons discussed below, that motion will be granted.

**Background**

In late January, 2003, the M/V Joseph L. Block was loading iron ore at a dock in Escanaba, Michigan. On the night of January 22, 2003, Proper boarded the vessel around 11:00 p.m. to work the graveyard shift. His duty was to keep watch of the vessel's forward end.

Around 1:00 a.m., the vessel's mate told Proper to retire for the night. Proper, starting to head back to his cabin at the after end of the vessel, turned to go aft, and stepped over the first of two

---

[1] Plaintiff alleges a maintenance and cure claim against defendants in his complaint, but fails to address it on summary judgment. Thus, the court construes plaintiff's failure to respond as abandoning this claim.

mooring lines in his path. When he was stepping over the second line, Proper caught his toe and fell. He injured his knee in the fall.

The lines lay across his path toward the rear of the vessel. They ran from the center of the deck to the side of the ship, and from there to mooring posts on the dock. Plaintiff had routinely stepped over the lines during the course of his employment many times without incident or difficulty.

**Standard of Review**

When ruling on a motion for summary judgment, I must view all evidence, facts, and any inferences drawn from the facts, in a light most favorable to the nonmoving party. *Kocsis v. Multicare Mgmt.*, 97 F.3d 876, 882 (6th Cir. 1996). Summary judgment is proper if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if its resolution could convince a reasonable jury to find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

It is well-settled, however, that a mere scintilla of evidence in favor of the nonmoving party will not withstand summary judgment. *Id.* at 252. The question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**Discussion**

**I. Jones Act Claims**

In his complaint Proper alleges defendants are liable under the Jones Act because their negligence caused his injury. He asserts defendants were negligent because: 1) the vessel's mooring

lines were "tripping hazards;" 2) the vessel lacked adequate lighting; 3) and defendants negligently assigned him to his duty that night.

Defendants argue Proper's claims fail because no facts support a finding that their negligence caused Proper's knee injury.

Under the Jones Act, "[any] seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law." 46 U.S.C. § 688. "A Jones Act claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).

Jones Act liability is established if the employer's negligence plays any part in producing a seaman's injury. *Daughenbaugh v. Bethlehem Steel Corp.*, 891 F.2d 1199, 1205 (6th Cir. 1989); *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 (5th Cir. 1991). But, "[o]ther than this generous construction . . . the issue is essentially the same as all other personal injury cases: whether an employer acted or failed to act in a way that legally caused the seaman's injury determines whether, as a matter of policy, the seaman should be entitled to a remedy." *Brister*, 946 F.2d at 355.

Because an employer's liability under the Jones Act turns on a showing of negligence, and not merely a showing of an employee's injury, *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (FELA),[2] a seaman has the burden of presenting some evidence of his employer's negligence. *Williams v. Nat'l R.R. Passengers, Corp.*, 161 F.3d 1059, 1062 (7th Cir.1998) (FELA).

---

[2] The Jones Act incorporates provisions of FELA and "expressly provides for seamen the cause of action -- and consequently the entire judicially developed doctrine of liability -- granted to railroad workers by the FELA." *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 445 (1958).

Thus the issue is whether Proper has presented evidence in which a jury could find the defendants' negligence caused his injury.

### A. Mooring Cables as Tripping Hazards

First, Proper alleges defendants' negligence caused his injury because the mooring lines on deck were "tripping hazards."

Defendants contend Proper's claim fails because no evidence supports a finding that the mooring lines created a dangerous condition. They argue Proper cannot establish negligence without evidence that the mooring lines created a dangerous condition or the act of stepping over a mooring line was an unsafe procedure. In support, they provide Proper's testimony that, as noted above, he had stepped over the mooring lines hundreds of times before without incident.

Whether the mooring lines created a dangerous condition such that they qualify as actionable "tripping hazards" requires a fact-intensive analysis. *See The A.G. Brower*, 220 F. 648, 650 (2d Cir. 1915) (holding mooring lines can create tripping hazards if their presence is undisclosed to a unknowing seaman); *See also Doca v. Marina Mercante Nicaraguense, S.A.*, 634 F.2d 30, 33 (2d Cir. 1980) (holding trip and fall over turnbuckle was the result of refuse and garbage obstructing the walking area of the deck).

In his response to summary judgment, Proper fails to present evidence to support his claim the mooring lines on the vessel were "tripping hazards" or stepping over the lines was unsafe. Evidence that Proper tripped over a mooring line on the vessel does not establish the mooring line constituted a dangerous condition. Without such evidence, Proper's claim fails as a matter of law, because a rational trier of fact could not find any negligence on the defendants' part in the location of the vessel's mooring lines.

### B. Inadequate Lighting

Second, Proper alleges defendants were negligent by providing inadequate light.

On summary judgment, defendants argue that no facts support the conclusion that inadequate light on the vessel caused Proper's injury. They point out that Proper admits that he would have seen the line if he had looked at it. There is no evidence that the line was not readily visible, despite the darkness of night, especially to an experienced deck hand who had regularly and frequently crossed over the lines in the past.

The defendants likewise point to Proper's testimony that the vessel had deck lights and that none of these lights were burned out.

It is undisputed that Proper admits he would have seen the line if he would have looked. Thus, he fails to provide evidence in which a jury could find inadequate lighting caused his injury. Accordingly, this claim fails as a matter of law.

### C. Negligent Assignment

Third, Proper alleges defendants are liable under the Jones Act because they negligently assigned him to his job as a night watchman.[3] He argues defendants were negligent by requiring him to step over mooring lines in this position because they knew, or should have known, that his slight limp impaired his ability to do so.

An employer acts negligently under the Jones Act if the employer assigns an employee to a task beyond his or her physical capabilities. *See Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 908-10 (8th Cir. 1980).

---

[3] He alleges the vessel cut back her crew causing him to receive duty as a night watchman, which in turn required him to step over the mooring lines.

5

Defendants argue no evidence shows Proper was physically incapable of stepping over a mooring line. They provide evidence that although Proper had a preexisting knee injury, the U.S. Coast Guard rated him as an able-bodied seaman.[4]

Proper offers no evidence that stepping over a mooring line was beyond his physical capability, or that he was less able that evening to step over the line than he was when he had done so often in the past. In any event, even if plaintiff had asserted some diminished capacity, he has not shown that the defendants were aware of any such alteration in his physical abilities. Thus, Proper fails to establish a material dispute of fact remains as to whether defendants negligently assigned Proper. Defendants cannot be faulted for having assigned him to work that evening. Accordingly, his negligent assignment claim fails as a matter of law.

## II. Unseaworthiness

A plaintiff's claim that a vessel is unseaworthy is distinct from a Jones Act claim. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 498 (1971). "Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea." *Lewis & Clark*, 531 U.S. at 441. A shipowner has an absolute and nondelegable duty to provide a seaworthy vessel. *See Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 95 (1946). A shipowner, however, is not required to provide a seaman with an accident-free vessel. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960).

---

[4] Proper's limp was the result of an automobile accident in 1963 that injured his knee. He had his knee surgically repaired in 1992, five years before he first worked for defendants. To receive an able-bodied seaman rating, an applicant must pass a physical examination in which he demonstrates that he is in satisfactory physical condition, 46 C.F.R. § 12.05-5.

To recover damages under an unseaworthy claim, a seaman must show 1) the vessel was unseaworthy because it was not fit for its intended use and 2) his injuries were proximately caused by the unseaworthy condition.[5] *Rutherford v. Lake Michigan Contractors, Inc.*, 28 Fed. Appx. 395, 400 (6th Cir. 2002) (unpublished disposition) (citing *Usner*, 400 U.S. at 499). It is insufficient to merely pose a question of unseaworthiness. *Id.*

Proper alleges the vessel was unseaworthy because defendants did not require him to walk along on the outboard side of the vessel. Instead, defendants allowed him to walk along the inboard side of the vessel where mooring lines were located. Proper contends this was an unsafe procedure.

Defendants argue Proper's claim fails because no evidence shows stepping over mooring lines was an unsafe procedure that caused Proper's injury. Once again, they note that plaintiff had stepped over mooring lines hundred of times before the injury. They note as well his testimony that crew members regularly step over mooring lines. They present Proper's admission that he would have seen the line if he had looked. Finally, defendants provide Proper's testimony he did not walk along the outboard side because he was afraid residual cargo from the unloading boom might fall on his head.

In his response, Proper fails to present evidence on summary judgment to show stepping over mooring lines is an unsafe procedure that renders the vessel unfit for its intended use. Because he fails to present evidence in which a jury could infer the vessel was unseaworthy, Proper's claim fails as a matter of law.

Therefore, summary judgment is warranted on Proper's unseaworthy claim.

---

[5] To prove a claim of unseaworthiness, a plaintiff must show his or her injuries were proximately caused by the unseaworthy condition - a higher standard than the liberal standard of causation under the Jones Act. *Daughenbaugh*, 891 F.2d 1199, 1207 n. 3 (6th Cir. 1989).

**Conclusion**

For the foregoing reasons, it is therefore,

ORDERED THAT defendants' motion for summary judgment is granted.

So ordered.

>/s/ James G. Carr
>James G. Carr
>Chief Judge