IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Proper,  Case No. 3:05CV7062

        Plaintiff,

v.  ORDER

Ispat Inland, Inc.,

        Defendants.

Plaintiff David Proper moves for reconsideration of my April 3, 2006, order granting the defendants' motion for summary judgment. (Doc. 21). Proper alleges that I failed to consider his argument, which was raised for the first time in his sur-reply, that the absence of a handrail creates a genuine issue of material fact in support of his Jones Act, 46 U.S.C. § 688, and unseaworthiness claims. In the alternative, Proper asks for leave to amend his complaint. Jurisdiction exists under 28 U.S.C. § 1333 and 46 U.S.C. § 688.

For the following reasons, Proper's motion to reconsider or for leave to amend his complaint shall be denied.

### Discussion

Proper correctly states that his argument was not addressed in my order granting summary judgment on April 3, 2006. However, his assertion of a new basis for overruling the defendants' motion for summary judgment in a sur-reply is not proper. When allowed to be filed [which itself

should be an infrequent occurrence], a sur-reply should be limited to addressing new arguments raised by the movant in a reply. Thus, as plaintiff was not entitled to raise the argument, I was justified in not considering it, and Proper's motion for reconsideration shall be denied on the basis that the argument it asserts was not timely raised.

I will nonetheless address his argument on the merits, and, in the alternative, overrule it as without merit.

Proper alleges defendants violated C.F.R. § 92.25-5 by failing to provide a handrail to assist in crossing over mooring lines aboard the M/V Joseph L. Block.

To prove a prima facie case of negligence *per se* under the Jones Act, a plaintiff must show a violation of a statute that causes, at least in part, the alleged injury. *MacDonald v. Kahikolu Ltd.*, 442 F.3d 1199, 1203 (9th Cir. 2006). Proper offers no evidence that defendants violated this regulatory provision or such violation caused his injury. Thus, Proper's negligence per se claim under the Jones Act fails.

Proper also argues the lack of a handrail demonstrates defendants failed to exercise reasonable care, and therefore his Jones Act and unseaworthy claims survive summary judgment.

A plaintiff need only provide minimal evidence of a defendant's negligence to survive a motion for summary judgment under the Jones Act. *Churchwell v. Bluegrass Marine, Inc.*,   F.3d  , 2006 WL 1042329, *3 (6th Cir. 2006). While this may be a low threshold, a plaintiff must offer at least *some* evidence in support of his claim. *Id*. A court, moreover, is not required to search the entire record to determine whether a genuine issue of material fact exists on summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

Here, Proper offers no evidence to support his claim that defendants negligently failed to provide a handrail. He merely contends that it is obvious where the handrail should have been placed. Proper, moreover, did not use an existing handhold aboard the vessel to prevent his fall. A jury would have to speculate whether he would have used a different one to prevent the fall. Without evidence that the defendants breached a duty of care or that their alleged breach contributed to the plaintiff's injury, Proper cannot maintain a Jones Act or unseaworthy claim. *Churchwell*, 20006 WL 1042329 at *7.

Therefore, Proper's handrail arguments fail to create a genuine issue of material fact in support of his Jones Act or unseaworthy claims. Accordingly, summary judgment was appropriate.

In the alternative, Proper asks for leave to amend his complaint. A court considers the interests of finality and "the movant's explanation for failing to seek leave to amend prior to the entry of judgment" when determining whether to grant leave to amend a complaint post-judgment under Fed. R. Civ. P. 15. *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)) (internal citation omitted).

In his sur-reply, Proper did not request leave to amend his complaint to allege defendants acted negligently by failing to provide a handrail or violated C.F.R. § 92.25-5. He, moreover, does not explain his failure to seek leave to amend prior to my entry of judgment on April 3, 2006. Accordingly, Proper's post-judgment request for leave to amend is denied.

In the interests of bringing some finality to this litigation, at least in this court, I shall forego following my customary practice of imposing sanctions on counsel who file meritless motions for reconsideration.

**Conclusion**

For the foregoing reasons, it is therefore,

ORDERED THAT plaintiff's motion for reconsideration and leave to amend is denied.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge
